FILED

MAY 13 2024

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

UNITED STATES OF AMERICA )
)
v. )
) Criminal No. 2:24mj 79
ABDUL-WAKEEL KHABEER QAABID, )
a/k/a "Kenneth Andrew Jordan," )
)
Defendant. )

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT AND ARREST WARRANT

Your affiant, Edward F. Winkelspecht, III, does swear and affirm the following to be true and accurate to the best of my knowledge and belief:

## INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent for the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have served in that capacity since January 4, 2009. I am currently assigned to the Norfolk Field Office and charged with investigating violations of federal firearms, explosives, and arson laws. I am a graduate of both the Criminal Investigator Training Program and the ATF National Academy. At the ATF National Academy, I received special training in alcohol, tobacco, firearms, arson, explosives, and narcotic related crimes.

2. Prior to becoming a Special Agent with ATF, I was a Chesapeake Police Officer in the Commonwealth of Virginia from 1998 until 2008. As a law enforcement officer, I investigated numerous crimes involving firearms and narcotics. These investigations required me to apply for search and arrest warrants in federal and state court. From April of 2008 to December of 2008, I was assigned to the Drug Enforcement Agency (DEA) as a Task Force Officer and investigated numerous drug and firearm violations in that capacity as well.

1

3. This affidavit is submitted in support of a criminal complaint charging ABDUL-WAKEEL KHABEER QAABID (hereafter referred to as "QAABID") with possession with intent to distribute cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), possessing, using, and carrying a firearm in furtherance of, and during and in relation to a drug trafficking crime, in violation of Title 18, United States Code, Section 924(c)(1)(A), and felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8). This affidavit is also submitted in support of an arrest warrant.

4. The facts and information contained in this affidavit are based upon my training and experience, participation in firearms and narcotics investigations, personal knowledge and observations during this investigation, as well as the observations of other law enforcement officers involved in this investigation. All observations not personally made by me were relayed to me by the individuals who made them or were conveyed to me by my review of records, documents, and other physical evidence obtained during this investigation. This affidavit is being submitted for the limited purpose of obtaining a criminal complaint and arrest warrant. I have set forth only those facts that I believe to be necessary to establish probable cause for the charges described below and have not included each and every fact and matter observed by me or known to the Government.

## FACTS SUPPORTING PROBABLE CAUSE

5. On February 10, 2024, officers with the Chesapeake Police Department (CPD) were attempting to serve arrest warrants on QAABID at his residence located at 3209 Yellow Pine Crescent, Chesapeake, Virginia. QAABID had outstanding arrest warrants out of Portsmouth, Virginia for assault and battery of a family or household member and destruction of property. While CPD was conducting surveillance, QAABID was observed exiting his residence and

2

entering the driver's seat of a 2013 Honda sedan that was registered in his name. QAABID left his residence and drove by CPD who positively identified him from a photograph. CPD conducted a traffic stop and obtained QAABID's driver's license which confirmed his identity. CPD told QAABID that they needed to serve him with a protective order. CPD used the protective order as a ruse to get QAABID out of the vehicle so they could take him into custody safely. Once backup arrived, CPD reapproached and asked QAABID to turn off his vehicle and step out. QAABID turned off the vehicle but then immediately turned the vehicle back on and fled from the traffic stop. CPD drove a very short distance and observed evidence indicating QAABID struck and damaged three (3) vehicles before coming to a stop. QAABID left the vehicle behind and fled on foot after the crash. CPD set up a perimeter, monitored QAABID's vehicle, and contacted a K-9 Unit to assist with tracking QAABID.

6.  Pursuant to CPD policy, an inventory search was conducted of QAABID's vehicle which resulted in the recovery of the following items:

    a. 9mm Taurus pistol 709 slim loaded with eight (8) rounds of ammunition (driver side floorboard next to gas pedal);

    b. .45 cal HS Produkt pistol loaded with eight (8) rounds of ammunition (driver side floorboard next to gas pedal);

    c. Approximately 5 ounces of cocaine base packaged for sale in a white plastic bag (driver side floorboard next to the firearms);

    d. Approximately 43 grams of marijuana packaged for distribution;

    e. $25,020.00 in U.S. Currency, most of which was found in a Dillard's store bag on passenger side floorboard; and

    f. Three cellular devices.

7.  CPD Officer Rega and his certified "Patrol" canine "Bones" arrived to assist with conducting a track of QAABID's path after he fled the vehicle. Officer Rega has been employed

with CPD since 2017. "Bones" is a certified "Patrol" canine through the Virginia Police Work Dog Association. The Patrol Certification requires tracking, obedience, and apprehension work. "Bones" is trained regularly in both rural and hard surface tracking. "Bones" has proven to be a very effective and reliable tracking canine. In addition, Officer Rega has attended several drug interdiction classes specializing in the observation and detection of narcotic activity. Officer Rega has effectively completed specialized training with "Bones" in "Patrol Work." "Bones" and Officer Rega train every week in both Patrol and tracking, which ensures a high level of performance.

8. Once deployed, "Bones" tracked QAABID from the abandoned wrecked vehicle to QAABID's residence. CPD setup a perimeter around the residence and attempted to contact QAABID with negative results.

9. CPD applied for and obtained a state search warrant for the residence which permitted a search for narcotics. They executed the warrant and discovered the following in the kitchen of the residence:

    a. Cocaine base and cocaine packaged for sale (inside cabinet);

    b. Evidence consistent with converting cocaine to cocaine base;

    c. Cocaine base (in pot in kitchen sink);

    d. Baking soda (inside cabinet);

    e. .45 Sig Sauer ammunition and magazines (inside cabinet); and

    f. Lease agreement bearing QAABID's name (inside cabinet with cocaine).

10. From the living room, law enforcement recovered:

    a. Packaging material; and

    b. 9mm SCCY pistol loaded with three (3) rounds of ammunition (in a purse on the couch).

11. From the master bedroom, law enforcement recovered:

    a. Six kilograms of cocaine and $26,900 in U.S. Currency (inside a safe); and

    b. Suitcase bearing tag with QAABID's name, phone number, and flight information from a recent trip out of the country.

12. I obtained the suspected cocaine and cocaine base from CPD and packaged it for analysis. I sent the suspected cocaine and cocaine base to the Drug Enforcement Agency for testing which yielded positive results for cocaine and cocaine base on all exhibits. According to the lab, law enforcement recovered 6,188 grams of cocaine and 425 grams of cocaine base from QAABID's vehicle and residence. Cocaine and cocaine base are Schedule II controlled substances.

13. I conducted a criminal history check and reviewed QAABID's Virginia Criminal Record. I found QAABID has the same FBI# and State Identification Number (SID#) as Kenneth Andrew JORDAN, which was his legal name prior to changing it to QAABID. QAABID has felony convictions for attempted capital murder, use of a firearm during the commission of a felony, and felony assault and battery.

14. I conducted a check with the Commonwealth of Virginia Executive Department and found that on October 5, 2021, Abdul-Wakeel Khabeer QAABID had his civil rights restored. However, the notification specifically states that it does not give QAABID the right to ship, transport, possess or receive firearms.

15. I conducted a checked with the Portsmouth Circuit Court and the Chesapeake Circuit Court, as these are the jurisdictions in which QAABID was convicted and are known to reside, to see if his right to possess a firearm had been restored. According to both jurisdictions, QAABID has not applied for or had his right to possess a firearm restored.

16. Research was completed on the above-listed firearms and each were found to have been manufactured outside the Commonwealth of Virginia. Therefore, each firearm affected interstate and/or foreign commerce.

## CONCLUSION

17. Based on the foregoing, I submit that there is probable cause to believe that on or about February 10, 2024, in Chesapeake, in the Eastern District of Virginia, ABDUL-WAKEEL KHABEER QAABID did knowingly and intentionally possess with the intent to distribute five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A).

18. I further submit that there is probable cause to believe that on or about February 10, 2024, in Chesapeake, in the Eastern District of Virginia, ABDUL-WAKEEL KHABEER QAABID did knowingly possess a firearm or firearms, to wit: a 9mm Taurus pistol 709 slim, a .45 cal HS Produkt pistol, and a 9mm SCCY pistol, each in furtherance of, and during and in relation to, a drug trafficking crime for which he may be prosecuted in the United States, namely possession with intent to distribute a five (5) kilograms or more of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A), as set forth in Paragraph 17 of this Affidavit, which is re-alleged and incorporated by reference as if set forth in full herein, in violation of Title 18, United States Code, Section 924(c)(1)(A).

19. I further submit that there is probable cause to believe that on or about February 10, 2024, in Chesapeake, in the Eastern District of Virginia, ABDUL-WAKEEL KHABEER QAABID, knowing that he had been previously convicted of a crime punishable by a term

exceeding one year, did knowingly and intentionally possess a firearm and firearms, to wit: a 9mm Taurus pistol 709 slim, a .45 cal HS Produkt pistol, and a 9mm SCCY pistol, each firearm having previously been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8).

20. I further request that the Court authorize issuance of an arrest warrant for ABDUL-WAKEEL KHABEER QAABID for these offenses.

Further your affiant sayeth naught.

_____
Edward F. Winkelspecht, III, Special Agent
Bureau of Alcohol, Tobacco, and Firearms (ATF)

Sworn and subscribed to before me this 13th day of May 2024.

_____
Hon. Lawrence R. Leonard
UNITED STATES MAGISTRATE JUDGE

Read and Reviewed:

_____
Kristin G. Bird
Assistant United States Attorney

**Exhibit "A"**
**Affidavit for Search Warrant**

**Officer A. J. Rega**
**K-9 Bones**

Police K-9 Officer A. J. Rega has been a Police Officer with the City of Chesapeake since 2017. Officer Rega has been responsible for numerous investigations resulting in arrests and convictions of narcotics.

Officer Rega is currently assigned to the K9 Unit where he works a trained Patrol canine. Officer Rega's partner, K-9 Bones, is a certified "Patrol" canine by the Virginia Police Work Dog Association. K-9 Bones is certified as a "Patrol" canine. The Patrol Certification requires tracking, obedience, and apprehension work. K-9 Bones is trained regularly in both rural and hard surface tracking. K9 Bones has proven to be a very effective and reliable tracking canine.

Officer Rega has attended several drug interdiction classes specializing in the observation and detection of narcotic activity. Officer Rega has effectively completed specialized training with K-9 Bones in "Patrol Work" K-9 Bones and Officer Rega train every week in both Patrol and tracking, this training ensures a high level of performance.

**A. J. Rega**
**Patrol K-9 Handler**
**Chesapeake Police Department**
**Chesapeake, Virginia**
